UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                         :
CHLOE COSCARELLI et al.,                                   :

                                            Plaintiffs,            :            21-CV-4159 (JMF)

                           -v-                                    :            MEMORANDUM OPINION
                                                                     :                    AND ORDER
BAIN DOUBLE IMPACT FUND LP et al.,             :

                                        Defendants.          :

                                                                     :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiffs Chloe Coscarelli, CC Hospitality Holdings LLC, and Chef Chloe LLC bring statutory and common law claims against Defendants Bain Double Impact Fund LP, BCIP Double Impact Associates, L.P., Kitchen Fund, L.P., KF-Chloe LLC, Gregory Golkin, Collab + Consumer Fund I, L.P., Lion/BC LLC, and Qoot International UK Limited for trademark infringement, unfair competition, and civil conspiracy arising from Defendants' roles in the expansion of the "by Chloe" vegan, fast casual restaurant chain. On June 29, 2021, Plaintiffs moved for an order, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, authorizing alternative means of service on Defendant Qoot International UK Limited ("Qoot UK"), a United Kingdom-based subsidiary of Qoot Company, which is a hospitality company headquartered in Saudi Arabia. *See* ECF No. 60. In particular, Plaintiffs move for an order authorizing service by FedEx (1) at the address where Qoot UK elected to receive notices pursuant to an Asset Purchase Agreement filed in bankruptcy court on March 16, 2021, and (2) on Qoot UK's former local bankruptcy counsel.

       Substantially for the reasons set forth in Plaintiffs' memorandum of law, ECF No. 61, the Court concludes that alternative service pursuant to Rule 4(f)(3) would be appropriate and that service by FedEx to Qoot UK's designated address is an acceptable means of service. *See, e.g.*, *Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 511-12 & n. 1 (S.D.N.Y.2013) (discussing the standards for authorizing service pursuant to Rule 4(f)(3)); *S.E.C. v. China Intelligent Lighting & Elecs., Inc.*, No. 13-CV-5079 (JMF), 2014 WL 338817, at *1 (S.D.N.Y. Jan. 30, 2014) (discussing the requirements a proposed means of service must satisfy to be deemed appropriate). By contrast, the Court concludes that service on Qoot UK's former local bankruptcy counsel is constitutionally inadequate given that bankruptcy counsel informed Plaintiffs by email that he "no longer represent[s] . . . Qoot in any capacity." ECF No. 62-9. That said, the Court sees no harm in sending a courtesy copy of the summons and Complaint to Qoot UK's former bankruptcy counsel and, thus, encourages Plaintiffs to do so.

       For the foregoing reasons, Plaintiffs' motion for authorization to serve Defendant Qoot

UK pursuant to Rule 4(f)(3) by FedEx at Qoot International UK Limited, 11 Dover Street, First Floor, Mayfair, London, W1S 4LH, is GRANTED.  The Clerk of Court is directed to terminate ECF No. 60.

    SO ORDERED.

Dated: July 6, 2021
       New York, New York

                                          JESSE M. FURMAN
                                        United States District Judge